**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STEPHEN CUNNINGHAM,

    Plaintiff-Appellant,

v.

WICHITA STATE UNIVERSITY,

    Defendant-Appellee.

No. 14-3220
(D.C. No. 6:14-CV-01050-JTM-TJJ)
(D. Kansas)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

This action is brought by Mr. Stephen Cunningham, who attended Wichita

State University's program for physician assistants. Mr. Cunningham was

allegedly disabled by two diseases, diabetes and attention deficit disorder, which

he disclosed to the university. The diabetes allegedly caused Mr. Cunningham to

fail examinations for pharmacology and neurology, but the university allowed him

to retake both examinations. When he did, he passed in pharmacology, but failed

---

[*]    The parties have not requested oral argument, and the Court concludes that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

in neurology. The failing grade in neurology led the university to terminate Mr. Cunningham from the program, and he sued under the Americans with Disabilities Act and the Rehabilitation Act. The district court dismissed the action, and Mr. Cunningham appeals. We affirm.

## I.     The Standard of Review

In reviewing the district court's dismissal, we engage in de novo review. *Cohon ex rel. Bass v. N.M. Dep't of Health*, 646 F.3d 717, 724 (10th Cir. 2011). This standard requires us to determine whether Mr. Cunningham pleaded facts that would create a plausible basis for relief under the Americans with Disabilities Act or the Rehabilitation Act. *Id.*

## II.    The Legal Requirement of Accommodation

The two statutes prohibit exclusion from specified programs based on a disability. *See id.* at 725-26 (applying the same legal standard and analysis to claims under the Americans with Disabilities Act and Rehabilitation Act); *Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007) (applying the Americans with Disabilities Act). We assume for the sake of argument that Mr. Cunningham's diabetes and attention deficit disorder constituted disabilities that affected his test results. If the university knew about these disabilities and their effects on Mr. Cunningham's test results, the university would have had to make reasonable accommodations as long as they

2

would not have fundamentally altered the nature of the program. 28 C.F.R. § 35.130(b)(7); *Robertson*, 500 F.3d at 1196, 1197 n.10.

## III. The University's Alleged Failure to Accommodate Mr. Cunningham's Attention Deficit Disorder

In the complaint, Mr. Cunningham concedes that the university allowed him to retake the two examinations. The second time, he passed the pharmacology examination. But he again failed the neurology examination. He blames his second failing grade on the location of the examination: an office located in a busy hallway. According to Mr. Cunningham, his attention deficit disorder led him to lose focus because of the activity in the nearby hallway.

The problem with this claim is that the university could not accommodate a problem it did not know about, and Mr. Cunningham concedes that he never asked the university to make an accommodation for his attention deficit disorder. Mr. Cunningham suggests that the need would have been obvious to the university. If the need would have been obvious to the university, it might have had an obligation to make an accommodation even if Mr. Cunningham had not asked. *See Robertson*, 500 F.3d at 1196 (stating that an entity may learn about a disabled person's need for an accommodation because it is "obvious"). But the complaint does not include any facts indicating that Mr. Cunningham's need would have been obvious to the university.

In the complaint, Mr. Cunningham alleged that he

3

- had disclosed his attention deficit disorder "on certain required material forms" and

- was required to retake the neurology exam in a professor's private office in a busy hallway.

Appellant's App. at 5-6. These factual allegations, if credited, would not suggest an obvious need for accommodation from the university's point of view.[1] As a result, we conclude that Mr. Cunningham has failed to state a claim on which relief can be granted under the Americans with Disability Act or Rehabilitation Act. *See Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 164-65 (5th Cir. 1996) (upholding summary judgment for the defendant on a claim under Title I of the Americans with Disabilities Act, concluding that the plaintiff failed to present evidence of a request for an accommodation for a disability that had not manifested an obvious need for accommodation). In these circumstances, we affirm the dismissal.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1] In responding to the motion to dismiss, Mr. Cunningham stated that he is seeking an opportunity to retake the neurology exam in the Instructional Services Lab. Appellant's App. at 39. There is nothing in the complaint to suggest that

- he asked the university for this accommodation or

- the need for this accommodation would have been obvious.